J-S40011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BARONI | : | |
| | : | |
| Appellant | : | No. 595 EDA 2023 |

Appeal from the PCRA Order Entered February 15, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000845-1982

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED DECEMBER 12, 2023**

Appellant Michael Baroni appeals *pro se* from the order dismissing his petition for *habeas corpus* as an untimely serial petition under the Post-Conviction Relief Act[1] (PCRA).  Appellant argues that his *habeas* petition is not subject to the PCRA's time limitations, and that he was entitled to relief on his claims.  We affirm.

The underlying facts and procedural history of this matter are well known to the parties. *See Commonwealth v. Baroni*, 3593 EDA 2018, 2019 WL 2323819, at *1 (Pa. Super. filed May 31, 2019) (unpublished mem.). Briefly, on October 6, 1982, a jury convicted Appellant of two counts of second-degree murder and related offenses involving the deaths of two young

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

children.[2]  On April 7, 1983, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole.   This Court affirmed Appellant's judgment of sentence on March 22, 1985, and on October 4, 1985, our Supreme Court denied Appellant's petition for allowance of appeal.  **See Commonwealth v. Baroni**, 1233 Philadelphia 1983 (Pa. Super. filed Mar. 22, 1985) (unpublished mem.), *appeal denied*, 417 E.D. Allocatur Docket 1985 (Pa. filed Oct. 4, 1985).  Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States.

On August 3, 2022, Appellant filed the instant *pro se* petition seeking *habeas corpus* relief.  Therein, Appellant argued that the sentence for second-degree murder imposed pursuant to 18 Pa.C.S. § 1102(b) is "a nullity in violation of his due process rights."  *Pro Se* Pet. for *Habeas Corpus*, 8/3/22, at 2-5.  Further, Appellant claimed that "the PCRA does not afford him relief from a nullity [sic] sentence, therefore he is entitled to relief as a matter [of] right pursuant to a writ of *habeas corpus*."  **Id.** at 5; **see also id.** (reflecting Appellant's claim that "[a] writ of *habeas corpus* is properly brought when there is no apparent remedy under the PCRA[,]" and because "[a] petition raising the fact that a sentence is a nullity should not be barred on the grounds that it is untimely or the error causing the vitiated sentence is waived").

On February 2, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing.  Appellant filed a

---

[2] 18 Pa.C.S. § 2502(b).

timely *pro se* response reiterating that his claims were not cognizable under the PCRA. On February 15, 2023, the PCRA court issued an order dismissing Appellant's petition as an untimely PCRA petition. **See** PCRA Ct. Order, 2/15/23, at 1-2.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court subsequently issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, the Appellant raises the following issue:

> Whether the trial court abused its discretion in dismissing Appellant's petition for *habeas corpus* relief claiming he is illegally confined on the basis of a life sentence imposed following a second-degree murder conviction?

Appellant's Brief at 3 (formatting altered).

Appellant argues his sentence for second-degree murder is illegal. **Id.** at 7-9. Specifically, Appellant claims that the statute authorizing his sentence, 18 Pa.C.S. § 1102(b), provides for a penalty that is not enumerated in 42 Pa.C.S. § 9721. **Id.** at 7-8. Appellant asserts that a writ of *habeas corpus* is the only remedy available to him and that he does not have to plead and prove any of the timeliness exceptions to the PCRA in a *habeas* proceeding. **Id.** at 10. Alternatively, Appellant claims that because his sentence under Section 1102(b) is illegal and void *ab initio*, it never became final and therefore, the PCRA's one-year time-bar does not apply. **Id.**

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's

- 3 -

decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

Our Supreme Court has held that the PCRA statute subsumes the writ of *habeas corpus* where a remedy is available under the PCRA. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223-24 (Pa. 1999); ***see also*** 42 Pa.C.S. § 9542 (stating that a PCRA petition "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*").

A claim that the trial court lacked statutory authority to impose a particular sentence is a challenge to the legality of the sentence. ***See Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016). A challenge to the "legality of sentence is always subject to review within the PCRA," however a PCRA petitioner "must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Fahy***, 737 A.2d at 223 (citation omitted); ***see also*** 42 Pa.C.S. § 9543(a)(2)(vii). Therefore, we conclude that the PCRA court properly construed Appellant's *habeas* petition as a subsequent PCRA petition.

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, our courts lack jurisdiction to address the merits of a challenge to the legality of the sentence. **See Commonwealth v. Miller**, 102 A.3d 988, 995-96 (Pa. Super. 2014).

Here, Appellant's judgment of sentence became final on December 3, 1985, the date on which the time to file a petition for a writ of *certiorari* with the Supreme Court of the United States expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); U.S. Sup. Ct. R. 20.1 (effective August 1, 1984; allowing 60 days to file petition for writ of *certiorari*), *repealed and replaced by* U.S. Sup. Ct. R. 13.1 (effective Jan. 1, 1990). Appellant's instant PCRA petition, filed on August 3, 2022, is facially untimely.[3]

---

[3] We note that due to amendments to the PCRA enacted in 1995, petitioners had until January 16, 1997, to timely file his first PCRA petition. **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002). However, that deadline did not apply to second or subsequent PCRA petitions, regardless of when the first petition was filed. **Id.** Here, because Appellant filed his first petition for state collateral relief under the former Post Conviction Hearing Act on August 21, 1987, he was not entitled to the grace period discussed in **Fairiror**. **See id.**

Further, as noted previously, Appellant did not plead and prove an exception to the PCRA time bar in his *pro se* petition. ***Cf. Albrecht***, 994 A.2d at 1094. Because Appellant's petition is facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA, he has failed to meet the jurisdictional threshold for a court to consider the merits of his claim and no relief is due. ***See Miller***, 102 A.3d at 995-96; ***see also Brown***, 111 A.3d at 175. For these reasons, the PCRA court correctly concluded that it did not have jurisdiction to review the merits of Appellant's petition. ***See Lawson***, 90 A.3d at 4. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2023